U.S. v. Gill Good morning and may it please the court. In this case, the government declined to prove that the Intratec gun was unlawfully possessed as required by section 2K2.1b1. Because the government did not meet its burden in the district court, it attempts to prove the gun's unlawfulness to this court. The government asks this court to affirm based on a contention it could have met its burden. This court rejected a similar argument in Washington and should reject it here. Mr. Gill timely objected to the enhancement, discussed Campbell and the of the fact that, that the point that the government raises now, which is that this would be unlawful as a matter of state law. Well, I don't believe that the government gave the district court enough information to come to that finding. Am I not to presume that the district court knows the law? I think in this case, based on the record, we can't presume that because of the confusion stemming from the government's lack of diligence here. I am not sympathetic to the notion that I'm not to presume that district courts are aware of the law. Without making it district court specific, the way we usually phrase the doctrine is we can affirm on any basis whether it was raised and argued below or not. It's de novo review of the legal issue, so that's where we are. I think there's two reasons why it would be inappropriate to affirm based on the record here. As we've detailed in our 28J letter, it's not clear that Mr. Gill did violate Florida law, which the government didn't cite until these appeal proceedings. If we look at the context of everything that happened at sentencing, Mr. Gill objected to the enhancement. He brought forward a case where the Tenth Circuit held that this enhancement requires unlawfulness under state or federal law. In response, the government stated it was aware of Campbell's holding, but it was simply going to leave up the issue to the district court. Presumably . . . But Campbell is different. Campbell said only those convicted of violent felonies were prohibited from possessing firearms and there was no evidence in that case that Campbell had been convicted of a violent felony and therefore the record didn't submit it. Here, the record, PSR, stated that your client had been convicted of felony, I think in 2012, and you didn't object. He didn't object through you to that assertion, so we take it as true that he was convicted of a felony. Then you look at Florida law and that's all that's required. Well, it's true that he was a prohibited person, but the government needed to prove more than that. As we detail in our 28J letter, Florida law uses possession as a term of art. So he could have been . . . Clearly here, based on the PSR facts, he didn't have actual possession of the gun, so they would have needed to prove constructive possession. Constructive possession requires more than just proximity or joint access. In this case, his father also had access to that safe. Indeed, his father was found right before the search of the house with a stolen firearm. I thought that constructive possession under federal law, our circuit and I think other circuits, at least our circuit, is that you had control over it and an intent to exercise that control. Now, he's been found guilty of that. You're not challenging his conviction. So he had constructive possession of the pistol. Well, clearly the government can't proceed under a theory of unlawfulness under federal law here without the interstate nexus. So if you were to affirm, it would have to be based on state law. State law requires more to show constructive possession than what we have here in the record. The federal requirement that . . . Was he convicted of possessing this firearm? He was not. Okay, that's your answer, not whether federal law applies or not. It's just simply he wasn't convicted of . . . Right, right. And from the change of plea proceedings onward, Mr. Gill made a deliberate attempt never to admit to possession of this gun because he knew from that point onward, he was not going to be conceding that this gun could be included under the enhancement. On appeal, the government is raising this Florida law theory of unlawfulness for the first time. But as I've said, it's not clear, based on the record as it stands right now, that they could have proven that unlawfulness because of the fact that Florida law uses constructive possession as a term of art and because we don't have any information about, for instance, the visibility of each gun in the safe. It was a large safe with a number of items. As I said, his father was found with a stolen firearm right before the search. So we don't know, based on this record, whether Mr. Gill actually had constructive possession of the firearm. And indeed, at sentencing, the government chose to offer no evidence or argument about this gun's unlawfulness under any theory and told the district court it was going to leave it up to the discretion of the court. Now the government is trying to have a second fight at the apple, but having left this issue up to the district court below, it should not be rewarded with that opportunity. As in Washington, the government failed to meet its burden. Therefore, Mr. Gill respectfully requests that, as in Washington, this court remand this case for resentencing with instructions to impose a lesser enhancement. Okay. Thank you, Ms. Song. You've got five minutes. Well, you've got four left here, but if you want to, you can tack them on to your reply. I would reserve the remaining time for rebuttal. Okay. We'll give you nine minutes on rebuttal if you need it. I'm sorry. It'll be nine minutes on rebuttal if you need it. And Mr. McDonnell, you've got your 15, of course. Good morning, Your Honors, and may it please the court, Colin McDonnell for the United States. Your Honors, we agree that the issue here is whether the district court erred, and the district court did not err in holding that an enhancement for eight firearms involved in the offense was appropriate. That ruling was correct as a matter of law, and it was supported by the evidence in the record. What do you say about her argument that the issue you're raising before us you did not raise in the district court? Should that cut against you here at all? No, Your Honor, because there's no requirement that the . . . So long as the district court's ruling is correct as a matter of law and it's supported by the evidence, there's no requirement that the district court or the United States state the particular statute or legal principle in the record that supports that ultimately correct conclusion. In fact, even if the district court had explicitly erroneously reasoned its way to the correct conclusion, so long as that conclusion was correct and it was supported by the evidence . . . In other words, it's a pure legal question, so we can decide it. That's correct, Your Honor. We can decide whether you raised it or not. That's correct. What about . . . I felt her best argument is that there's insufficient evidence in the record that he actually possessed it under Florida law. We're talking here about whether it was unlawful under Florida law as opposed to unlawful under federal law. There are multiple reasons why this court should either not reach that issue or reject it. The first is that this issue was raised for the first time in this entire case of the 28J letter. It's not just new authority supporting a previously raised issue, but it's an entirely new issue. As to the notion that this is new because now we're talking about Florida law, defendant hasn't explained, nor have we found in our research, any meaningful difference in the constructive possession standard between Florida and federal law. If there were actually an issue with the evidence as to Mr. Gill's possession of the eighth firearm, they had every incentive to raise that from the very beginning, but they didn't. In their initial brief, they state, I believe this is at page seven, that only seven of, I quote, Mr. Gill's eight firearms had an interstate nexus. There are multiple unobjected to facts in the PSR. For example, if you look to . . . But is there any unobjected to facts that he possessed this particular firearm? There is nothing as clean as a paragraph in the PSR that says Mr. Gill possessed the eighth firearm that he didn't object to, but there is a lot, Your Honor, that taken together makes pretty clear that he wasn't disputing possession of any of the firearms, including that one. Tell us what exactly the PSR says from which you think that inference is obvious. I would start with paragraph 33, which concerns this particular enhancement, and it says that enhancement is warranted because there were eight firearms involved in the offense. It doesn't say possessed, but I think it's pretty . . . I thought he objected to it. He objected to it, but only on the basis that the eighth firearm lacked an interstate nexus. And if you look to the PSR addendum where the probation office responds to that objection, it even notes that Mr. Gill doesn't dispute possessing all eight firearms, and Mr. Gill never subsequently raises any objection to that interpretation. I would also point you to paragraphs 29 and 34, where it says that Mr. Gill possessed the firearms. Again, it doesn't explicitly say including the eighth firearm, but there's no objection to those . . . Not limited to in any respect, either. Right. And I would also point you to paragraph 16, which says that this eighth firearm was in the same safe as six of the other firearms that Mr. Gill doesn't dispute possessing. So their whole notion that he didn't possess this particular one because it's in a safe, well, if that's true, then they should be disputing the other six as well, but they don't. And you look at the sentencing transcript as well, where he repeats his objection. He says that an enhancement is appropriate for seven firearms possessed with an interstate nexus. But again, his only objection to the eighth firearm is that it lacked an interstate nexus. So because he conceded, or at the very least didn't raise this issue below, it's kind of illogical . . . I think in the fashion in which they're trying to say that the eighth firearm only wasn't possessed. For all those reasons, I think that argument can be rejected. And even if this court were to actually reach the merits of that argument, which I don't think . . . It's their burden to show on plain error that the district court's implicit factual finding, that he possessed that eighth firearm, was erroneous. I don't think they can even show clear error. They basically make this case that now on appeal, that the father also had access to the safe. And so, there's an inference that it might have been the father's. But, on even clear error review, they need to show more than an inference that could have gone the other way. And, there are other facts in the record that support the inference that that firearm was Mr. Gill. Such that the drugs that he admitted possessing were also in that safe, for example. So, I don't think that defendant can get there on this new possession issue. As to their original contention, at least in their reply brief, where they say, we didn't prove by a preponderance of the evidence that the enhancement was appropriate for the eighth firearm. Once you put the insufficiency of the evidence on the possession issue aside, all of the evidence that we needed to prove to support the enhancement under Florida laws in the record. And, that's that Gill was a felon, that he possessed all eight firearms, and that he was in Florida. Once you have those facts in the record, it's correct as a matter of law that he possessed those firearms unlawfully. And, the enhancement applies. They cite Canty and Washington for the notion that we didn't meet our burden. But, those cases are inapplicable. Both of those cases involved the failure of the United States to introduce sufficient evidence. Neither of them had anything to do with the United States or the District Court's failure to cite a particular statute or principle of law on the record. Neither of them says that failure to do that, when the ultimate conclusion is correct, is reversible error. If the court has no further questions, we'll rest on the remaining issues on our brief. We don't. Thank you, Mr. McNally. Thank you. Ms. Song. We would submit that this is not, these points about Florida law, this is not raising a new issue. This is just another point in support of our claim that the government failed to meet their burden of proof to prove that this gun was includable under the enhancement. Indeed, we wouldn't have had occasion to raise this point about Florida law because the government never cited to Florida law in the proceedings below. So, to say that this is, to narrow Mr. Gill's claim the way that they are trying to do is essentially shifting the burden of proof to Mr. Gill. To refute every possible theory of unlawfulness they could have proven. The position, I assume, is that the District Court found that he possessed all of the firearms as possession is defined under federal law, but not necessarily as possession is defined under state law. Well, if we look at probation's addendum to the PSR, probation in response to his objection says it was enough that Mr. Gill was a prohibited person. Which is very similar to the conclusion that the District Court in Campbell had. So, presumably, assuming that the government was adopting that theory and assuming that the District Court was adopting that theory. The finding could have just been that it was enough that he was a prohibited person under 922G. Enough to what? Enough to find that the, that Intratec pistol was unlawful under the enhancement because he was a prohibited person. So, the District Court, you say, has made either ambiguous fact findings or didn't make a fact finding. Correct. Well, it wasn't given enough articulation of the enhancement by the government and why it applied. So, I assume your position then is the remedy is to send it back to the District Court to find the issue for the District Court and let the District Court make findings. Well, we believe here where the government made no effort whatsoever to prove of the enhancement, that the appropriate remedy would be the same as the one in Campbell. Where this case would be remanded with instructions to impose the lesser enhancement and not give the government another chance. But the government didn't know your position was that there was a different possession standard under Florida law. Nor did we know until you put in the 28J. Well, once Mr. Gill objected to that enhancement with one reason why there was insufficient . . . It's the burdens on the government and the District Court to imagine every possible argument you could have made on behalf of the defendant and then rebuke it. I don't think so. No, but once Mr. Gill objected and provided a sufficient objection to show why they hadn't met their burden at that point . . . But he didn't object that they hadn't met their burden because even though it was sufficient for constructive possession under federal law, there was a difference between federal and state law. Well, he objected that they hadn't proven up the unlawfulness under federal law because they hadn't proven up the interstate nexus. But he wasn't obligated to tell them every reason why they hadn't . . . They're not obligated to go out and refute objections that he doesn't make. But once he brought that objection to their attention, the government stated they were completely aware of Campbell's holding. And so that presumably put them on notice that they could have either . . . They were on notice that your position was that there's a different possession standard and law under Florida law than federal law. Well, it wasn't Mr. Gill's burden to tell them that Mr. . . . No, but his burden to articulate a specific objection or waive it. And he didn't articulate this specific objection. I was trying to find a way to give you the benefit of a hearing on the matter where if it had been properly articulated, the district court could have taken care of it at the time. We would submit he did articulate it clearly enough for the government to . . . It was not within a country mile of articulating. It's not articulated in your brief. It is not articulated until we get the 28J letter. It never occurred to me in looking at your briefs that that was your position. Our position was that the government hadn't proven up the unlawfulness of the gun. In the district court proceedings . . . Because of the interstate nexus. Well, in the district court proceedings, as in Campbell, the only statute that was before the parties was 922G. And so that was why the government . . . at least one reason why the government hadn't proven up the unlawfulness of the gun. It wasn't until these proceedings that they attempted to cite to Florida law for the first time. And so at that point, in support of his claim that they hadn't proven up the enhancement, he provided additional information just to show that it wasn't so clear as they were making it out to be that this court could affirm based on the record. I think we understand your argument. Anything else? I would say . . . I would just add a couple points. The government says that the situation is not analogous to the situation in Washington, but we would submit that it is. In that case, the government also failed to meet their burden of proof, even though the defendant conceded in Washington that there likely were enough victims to prove up the enhancement. But the defendant stated that the government was still required to prove it up. And the government in that case argued that not only did he concede that, but they had proven up that number of victims in his co-defendant's cases. But despite all of that, this court . . . despite the fact that the enhancement likely did apply, this court still declined to affirm and remanded with instructions to impose a lesser enhancement. We'd say materially, this case is similar to that, in that the government had an opportunity to prove up the unlawfulness of the gun, chose to do nothing, and this court shouldn't give them the benefit of affirming based on the record because of that. We said in Washington, or a later case, probably a later case, that it's discretionary with this court whether or not to permit the government to go at it again. We'll look at all the facts and make that determination. It is discretionary, and we agree that this court has the discretion to fashion the kind of remand that they think is appropriate. But we feel that based on the facts of this case, based on the fact that the government made no effort to prove up this enhancement despite claiming that they were completely aware of the issue, it would be inappropriate here, and it would send a message that we don't expect the kind of diligence that we need from the government. No one is better positioned than the government to articulate why an enhancement applies, and that didn't happen here. Thank you, Count. We'll take that case under submission. And the next one is U.S. v. Little.